**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1220 JGB (FFM) | | Date | November 17, 2017 |
|---|---|---|---|---|
| Title | *Rimas Kregzde v. Mohamad Sarebanha*, et al. | | | |

| Present: The Honorable | Frederick F. Mumm, United States Magistrate Judge | |
|---|---|---|
| James Munoz | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

| Proceedings: | **(IN CHAMBERS) ORDER FOR PLAINTIFF TO SHOW CAUSE WHY RICO CLAIM SHOULD NOT BE DISMISSED WITHOUT LEAVE TO AMEND** |
|---|---|

In the Complaint, plaintiff alleges that defendants violated RICO by conspiring to harass him, obstruct justice, and suborn perjury in Orange County Superior Court No. 30-11 2014-00697685-CU-PA-CJC (the "Personal Injury Action"). (Docket No. 1-1, ¶ 25.) The elements of a civil RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (internal quotation marks omitted); *see* 18 U.S.C. §§ 1962, 1964(c). "Racketeering activity" is defined under RICO as any act involving one or more enumerated crimes that would be chargeable under state law or indictable under federal law, as relevant. 18 U.S.C. § 1961(1) ("Section 1961(1)").

The Complaint does not specify which of the crimes enumerated in Section 1961(1) constitute the "racketeering activity" purportedly at issue in the Complaint. (*See* Docket No. 1-1, ¶¶ 24-28.) Reading the Complaint liberally, it appears that the enumerated crimes most applicable to plaintiff's allegations are: violation of 18 U.S.C. § 1503 (obstructing justice ("Section 1503")), violation of 18 U.S.C. § 1512 (witness tampering ("Section 1512")), and violation of 18 U.S.C. § 1513 (retaliating against a witness ("Section 1513")). 18 U.S.C. § 1961(1)(B).

However, with certain exceptions not relevant here, each of the foregoing crimes is premised on wrongful conduct occurring in, or directed toward, a proceeding in a federal court or an equivalent federal tribunal. *See* 18 U.S.C. §§ 1503 (referring to "court of the United States"), 1512 (referring to "official proceeding"), 1513 (same),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1220 JGB (FFM) | Date | November 17, 2017 |
|---|---|---|---|
| Title | *Rimas Kregzde v. Mohamad Sarebanha*, et al. | | |

1515 (a)(1)(A)-(D) (defining "official proceeding"). Wrongful conduct directed toward *state court* proceedings does not fall within the conduct prohibited by Sections 1503, 1512, and 1513. *See id.*; *see also Davit v. Davit*, 366 F. Supp. 2d 641, 656 (N.D. Ill. 2004), *aff'd*, 173 F. App'x 515 (7th Cir. 2006) (plaintiff ex-husband could not use defendants' alleged obstruction of law enforcement, witness tampering, and retaliation in state court divorce proceedings as RICO predicate acts; Sections 1512 and 1513 "relate to federal investigations, agents, and proceedings that are not implicated here").

The Personal Injury Action is a state court proceeding. Therefore, it appears to the Court that the alleged wrongdoing occurring in connection with that action did not violate Sections 1503, 1512, and 1513. In turn, it appears that plaintiff's RICO claim should be dismissed on the ground that plaintiff fails to allege the necessary element of "racketeering activity." Furthermore, it appears that curing this deficiency is not possible.

Accordingly, the Court ORDERS plaintiff to show cause in writing by **Monday, November 27, 2017** why his RICO claim should not be dismissed without leave to amend. In responding to this order, plaintiff must address: (1) which crime(s) enumerated in Section 1961(1) serve as the "racketeering activity" that is the subject of his RICO claim; and (2) how the wrongdoing alleged in the Complaint meets the statutory definition(s) of the enumerated crime(s). If plaintiff contends that the "racketeering activity" consists of violations of Sections 1503, 1512, and 1513, plaintiff must also address how the alleged wrongdoing involves an "official proceeding," as defined by 18 U.S.C. § 1515 (a)(1)(A)-(D), or a "court of the United States."

IT IS SO ORDERED.

_____ : _____

Initials of Preparer        JM